**SO ORDERED.**

**SIGNED this 10 day of February, 2011.**

_____
**Randy D. Doub**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**GREENVILLE DIVISION**

**IN RE:**

| | |
|---|---|
| **KEVIN SCOTT HINES** | **CHAPTER 7** |
| **DEBORAH CORBETT HINES,** | **CASE NO. 09-07264-8-RDD** |
| **DEBTORS** | |

**ORDER ALLOWING CHAPTER 7 TRUSTEE'S FINAL REPORT,**
**FORM IV - TRUSTEE'S REQUEST FOR COMMISSION**
**AND REIMBURSEMENT OF EXPENSES, ALLOWING**
**APPLICATION FOR COMPENSATION OF ATTORNEY FOR**
**TRUSTEE AND REIMBURSEMENT OF EXPENSES, AND**
**GRANTING MOTION FOR COMPENSATION OF ACCOUNTANT**

Pending before the Court is the Chapter 7 Trustee's Final Report, Form IV - Trustee's

Request for Commission and Reimbursement of Expenses, Application for Compensation of

Attorney for Trustee and Reimbursement of Expenses, and Motion for Compensation of

Accountant by John C. Bircher III (the "Chapter 7 Trustee") on October 25, 2010 (the "Trustee's

Motions") and the Objection to Trustee's Final Report and Applications for Compensation and

Deadline to Object (NFR) and Objecting to the Proofs of Claims of Recovery Management

Systems Corporation; FIA Card Services, NA/Bank of America; First Flight Credit Union; and

PYOD, LLC filed by Kevin Scott Hines and Deborah Corbett Hines (the "Debtors") on

November 18, 2010 (the "Objection").  The Court conducted a hearing on December 16, 2010

to consider the Trustee's Motions and the Objection filed by the Debtors.[1]

Pursuant to the Objection, the Debtors do not object to the request by the Chapter 7

Trustee for compensation for his services, for his accountant, or for his attorneys' fees as outlined

in his final report.[2]  However, the Debtors assert that the Chapter 7 Trustee had a duty to object

to proofs of claim for the estate when necessary or to abandon such objections.  The Debtors

assert that, although the Chapter 7 Trustee objected to the claim of Suntrust Mortgage, Inc., he

failed to object to the claims of Recovery Management Systems Corporation; American

InfoSource LP as agent for FIA Card Services, NA/Bank of America; First Flight Credit Union;

and Resurgent Capital Services.

A proof of claim was filed by Capital Recovery III LLC, as assignee of Capital One

Installment - Recovery Management Systems Corporation for Capital Recovery III LLC on

January 18, 2010 in the amount of $17,229.50 based on amounts spent on a revolving credit line.

Attached to the proof of claim is an Account Summary showing the last four digits of an account

number as 2031 and providing that the underlying account information was generated from the

account databases of Capital Recovery III LLC/Capital One Installment and their agents, if any.

---

[1]The Debtor failed to provide each claimant the thirty (30) days notice of the objection to claim as required by Fed. R. Bankr. Pro. 3007(a).  The Objection was served on November 18, 2010 and the hearing was held on December 16, 2010.

[2]The Trustee requested a commission of $5,041.77 and expenses in the amount of $15.47 based on a proposed distribution of $44,417.66.  It seems odd that the Debtors have no objection to the commission based on a distribution to unsecured creditors when the Debtors argue that the claims should not be allowed by this Court.  If the objections were successful, the Debtors would receive the balance of the proceeds held by the Chapter 7 Trustee and the Chapter 7 Trustee would not be entitled to a commission. See 11 U.S.C. § 326(a)(setting forth the statutory guidelines to calculate chapter 7 and 11 trustee commissions).

Capital One was listed as a joint debt on Schedule F filed by the Debtors in the amount of $17,353.08. The full account number was listed on Schedule F and provides that the last four digits were 2031.

A proof of claim was filed by American InfoSource LP as agent for FIA Card Services, NA/Bank of America on January 7, 2010 in the amount of $17,384.98 based on credit card charges incurred by the Debtors. Attached to the proof of claim is a Statement of Accounts setting forth that FIA Card Services, N.A., as successor in interest to Bank of America, N.A. (USA) and MBNA America Bank, N.A. by American InfoSource LP as its agent is a creditor of the Debtors in relation to the account number ending in 7354. FIA Card Services was listed on Schedule F filed by the Debtors as a credit card debt with an amount due of $17,384.98.

A proof of claim was filed by First Flight Credit Union on October 28, 2009 in the amount of $3,690.93. Attached to the proof of claim form is a copy of the Credit Line Account - Advance Request and Security Agreement Application executed by Kevin S. Hines on June 13, 2006. Pursuant to the application, First Flight Federal Credit Union loaned $3,800.00 to the male debtor with an annual interest rate of 10.75%. The Debtors listed on Schedule F a personal loan from First Flight Federal Credit Union due in the amount of $3,961.86.

A proof of claim was filed by PYOD LLC as a successor and assigns as assignee of Citibank, c/o Resurgent Capital Services ("Resurgent") on October 27, 2009 in the amount of $27,055.44. Attached to the proof of claim was a copy of an account detail identifying the last four numbers of the original account number as being 1036 and held by Kevin Hines. In addition, Resurgent attached a copy of the Assignment and Assumption Agreement executed by Citibank (South Dakota), National Association identifying that PYOD LLC was the subsequent

buyer of this claim.  Citibank was listed on Schedule F filed by the Debtors as a debt of Kevin

Hines for credit card charges in the amount of $26,397.50.

On August 27, 2009, the Court docketed the Notice of Chapter 7 Bankruptcy Case,

Meeting of Creditors, & Deadlines which set a deadline of January 22, 2010 for creditors to file

proofs of claim and February 23, 2010 as the last date for the government to file proofs of claim.

Therefore, each of these four claims was timely filed.

Section 502(a) of the Bankruptcy Code provides that a proof of claim which is filed

pursuant to 11 U.S.C. § 501 is deemed allowed, unless a party in interest objects.  Federal Rule

of Bankruptcy Procedure 3001(a) requires that a proof of claim be a written statement and that

it substantially conform to the Official Form. Rule 3001(c) provides that:

> [w]hen a claim, or an interest in property of the debtor securing
> the claim, is based on a writing, the original or a duplicate shall be
> filed with the proof of claim.  If the writing has been lost or
> destroyed, a statement of the circumstances of the loss or
> destruction shall be filed with the claim.

The Debtors argued that the original documents evidencing each claim were required to

be attached.  The Court disagrees. See *In re Forrest*, Case No. 06-01967-8-RDD (Bankr.

E.D.N.C. May 22, 2009)(Leonard, J.).  Furthermore, the Debtors argue that the proofs of claim

fail to satisfy the requirements of Federal Rule of Bankruptcy Procedure 3001.

Writings evidencing each claim were attached to the proofs of claim filed by each of the

creditors.  The Court recognizes that none of the summaries attached to the proofs of claim

included itemizations or a detailed breakdown of the account.  Furthermore, the agreements do

not evidence the existence of an agreement between the Debtors and the creditor that would

obligate the Debtors to pay certain charges or interest.

The United States Bankruptcy Court for the Northern District of Georgia had the opportunity to consider the validity of proofs of claim filed by creditors with similar attachments. *In re Shank*, 315 B.R. 799 (Bankr. N.D. Ga. 2004).  In *Shank*, the court stated that whatever the minimum requirements were for Rule 3001 with respect to providing attachments, it recognized that the proofs of claim subject to the objections filed by the debtor failed to meet them.  315 B.R. at 810.  Had the creditors included the proper attachments and complied with Rule 3001, they would have been entitled to have their claims be considered as prima facie allowable claims that were presumptively valid. *Id.*  However, for whatever reason, these creditors failed to comply. *Id.*

Just because the claims are not presumptively valid, does not mean they should be automatically disallowed.  The court went on to consider the effect a deficient filing has on the claim stating that:

> [t]he consequence for such a deficiency, however, is not disallowance of the claim but denial of the *Rule 3001(f)* presumption of validity with, if appropriate, leave to the creditor to amend the claim.

*Id.* emphasis in original.

The debtor in the Shank case sought disallowance of the claims based solely on the lack of documentation or "pleading deficiency." *Id.* at 811.  Ms. Shank failed to provide that:

> ...she has any good faith theory that might require disallowance or reduction of any of the claims, on most of which, as matters now stand, she admits some liability in her schedules, she insists that the procedures of the bankruptcy rules governing *disputes* require that currently *undisputed* claims be disallowed.  (The [c]ourt uses the term "undisputed" in the sense that no objection on the merits has been filed to any claim.)...Such a result not only makes no sense; it threatens the fair treatment of creditors in bankruptcy

5

cases (especially chapter 13 cases), the just administration of those cases, and, indeed, the integrity of the bankruptcy system...

At a minimum, the bankruptcy rules must be interpreted as requiring that a challenge to a proof of claim assert a basis for its disallowance or reduction under *11 U.S.C. § 502(b)* – the existence of at least a potential dispute – before the procedures governing the determination of disputes in the claims allowance process are even invoked. This conclusion follows in the first instance from the application of *11 U.S.C. § 501*, which permits the filing of a proof of claim, *11 U.S.C. § 502(a)*, which provides that a filed proof of claim is deemed allowed unless there is an objection, and *11 U.S.C. § 502(b)*, which specifies the grounds on which a claim is to be disallowed. None of these provisions require the attachment of documentation to a proof of claim or disallowance in its absence.

*Id.* at 811-12. emphasis in original.

The *Shank* court went on to say that "it is not fair to a creditor to sustain an objection to its proof of claim based on inadequate documentation unless the objecting party alleges some basis for objecting on the grounds that would allow for disallowance or reduction under *§ 502(b).*" *Id*. at 812. The claims allowance process, including the rules and the shifting of burdens associated therewith, "provide a fair and inexpensive procedure for the proper determination of claims on the merits." *Id*. at 814. This process should not be used unless there is an actual or potential dispute regarding liability for the debt or the amount. *Id.* The *Shank* court went as far as to say "Rule 9011 precludes invocation of the [c]ourt's process to require a creditor to provide documentary support for a claim in the absence of a good faith basis for inquiry into the claim or a dispute about its validity or amount." *Id.* at 815.

The *Shank* court looked to specificity - should a debtor think that a claim is overstated, includes illegal or improper charges, or for any other reason the debtor believes he or she may

not have liability, after investigation, the debtor can raise any defense or claim he or she believes

is applicable. *Id.* In order to complete a "good faith inquiry into the existence or amount of any

liability and a claimant refuses a legitimate request to produce it, an objection that asserts [a]

good faith challenge and requests disallowance of the claim due to inadequate documentation

would be appropriate..."[3] *Id.* Based on its rationale, the *Shank* court concluded that an objection

to claim, without having been raised in connection with the merits of the claim or based on the

need for documentation to conduct a good faith inquiry, will not be denied as "the claim should

not be disallowed merely because documentation is not attached." *Id*. at 816.

　　　This Court concurs with the *Shank* court based on the facts presented in this case. The

Debtors filed a petition for relief under Chapter 7 on August 27, 2009 and disclosed each of these

debts on their schedules and did not identify any of the claims as disputed.

　　　The proofs of claim were filed between October 27, 2009 and January 28, 2010. The

proofs of claims were filed in an amount substantially similar to the amount listed by the Debtors

on their Schedules. Furthermore, the account numbers, where provided and to the extent

disclosed in accordance with Rule 9037, were identical.

　　　On May 18, 2010, the Chapter 7 Trustee objected to claim no. 3 filed by Suntrust

Mortgage, which objection was sustained. The Chapter 7 Trustee also stated that he did not

object to the four claims which are the subject of this hearing, because there was no good faith

basis on which to object. It was not until after the Chapter 7 Trustee filed his Notice of Trustee's

---

[3]The *Shank* court cautioned creditors not to withhold information or documentation about the claims when a party has a basis for requesting it. *Id.* at 816. It notes that if the creditor fails to provide appropriate documentation when requested from it, an objection stating such would be appropriate. *Id.*

Final Report on October 25, 2010 and disclosed that he intended to distribute the proceeds from the life insurance[4] to pay unsecured creditors did the Debtors determine that they should object to each of the four remaining unsecured claims.   The Debtors had ample time to review and object to the claims prior to the filing of the final report.   In the Court's view, there appears to be a self-serving purpose for the Debtors.  Had the Debtors filed their objections and had the objections been sustained, since no other claims were allowed, the Debtors would have been entitled to a refund of all of the proceeds, thereby eliminating any distribution to unsecured creditors.  Counsel for the Debtors admitted that the lack of documentation on each claim was the sole basis for the objections.  Furthermore, counsel for the Debtors did not deny that the Debtors owed the amounts stated in each claim.

Therefore, based on the disclosure of these debts in the Schedules filed by the Debtors, the filing of the claims in substantially the same amounts with the same account numbers, and the Debtors failure to raise any substantive grounds for their objections, the Court **OVERRULES** the Debtors' objections to the claims of Capital Recovery III LLC, American InfoSource LP, First Flight Credit Union, and PYOD LLC.  These claims are **ALLOWED** as filed.

In addition, the Court hereby **APPROVES** the Chapter 7 Trustee's Final Report, Form IV - Trustee's Request for Commission and Reimbursement of Expenses, **APPROVES** the

---

[4]Section 541(a)(5)(C) provides that the life insurance proceeds payable to a debtor as a beneficiary under a life insurance policy are property of the estate.

Application for Compensation of Attorney for Trustee and Reimbursement of Expenses, and

**APPROVES** the Motion for Compensation of Accountant .

    **SO ORDERED.**

<strong>END OF DOCUMENT</strong>